# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

BRANNON WHITE, *on behalf*
*of himself and others similarly situated,*

        Plaintiff,

       v.                            No. 1:22-cv-00025-KWR-SCY

EOG RESOURCES, INC.,

        Defendant.

## ORDER DENYING MOTION TO STRIKE

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Strike Defendant's Affirmative Defense **(Doc. 19).** Having reviewed the parties' pleadings and the applicable law, the Court finds that Plaintiff's Motion is **NOT WELL-TAKEN** and, therefore, is **DENIED.**

Plaintiff alleges that Defendant failed to pay him and others similarly situated overtime wages and other damages under the Fair Labor Standards Act. Defendant asserted the following affirmative defense:

> Assuming, arguendo, Plaintiff or the individuals he seeks to represent are entitled to recover damages in this action, . . . their claims would be subject to offsets and deductions, including any and all payments for wages and payments in kind, received by Plaintiff or the individuals he seeks to represent during the time period for which damages are sought, including any time for which Plaintiff or the individuals he seeks to represent were paid but did not work.

Doc. 14, Affirmative Defense ¶ 26.

Plaintiff seeks to strike this affirmative defense. Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense." Fed.R.Civ.P. 12(f). However, motions to strike affirmative defenses are generally disfavored. *See Friends of Santa Fe County v. LAC Minerals, Inc.,* 892 F.Supp. 1333, 1343 (D.N.M.1995) (citations omitted). To strike a defense,

its legal insufficiency must be "clearly apparent." *Id.* (same). A court "must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." *Id.* (same). In deciding a motion to strike, the court bears in mind the purpose of pleading an affirmative defense: to provide the plaintiff with fair notice. *Falley v. Friends Univ.,* 787 F.Supp.2d 1255, 1257 (D.Kan.2011). The decision to strike an affirmative defense rests within the sound discretion of the district court. *Hayne v. Green Ford Sales, Inc.,* 263 F.R.D. 647, 650 (D.Kan.2009). Rule 12(f) is intended to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial. *Hayne,* 263 F.R.D. at 648–49. "[S]triking an affirmative defense is considered a drastic remedy, and the court should only utilize the legal tool where the challenged allegations cannot succeed under any circumstances." *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1259 (D. Kan. 2011) (internal citations and quotation marks omitted).

A defendant is only required to articulate defenses "in short and plain terms." Fed. R. Civ. P. 8(b)(1)(A). Rule 8 generally does not require Defendant to support affirmative defenses with factual allegations. *Lane v.* Page, 272 F.R.D. 581, 593 (D.N.M. 2011). The Court finds that Defendant's pleadings satisfy Rule 8.

Here, the Court finds that Defendant has given sufficient notice of its affirmative defense, and it is not clearly apparent that the affirmative defense is legally insufficient. Plaintiff has not cited to Tenth Circuit law clearly barring the affirmative defense. As Plaintiff admits, employers may be entitled to credits where "the money being set-off can be considered wages that the employer prepaid the plaintiff-employee." *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 742 (5th Cir. 2010); *see Singer v. City of Waco*, 324 F.3d 813, 826 (5th Cir. 2003). This is precisely what Defendant requests in its affirmative defense. Doc. 14, Affirmative Defense ¶ 26.

The motion to strike invites the Court to speculate about what types of damages offsets may or may not be allowed.  But Defendant is only asserting an affirmative defense, not a counterclaim.  Because this is an affirmative defense, Defendant is not required to set out detailed factual allegations supporting the defense.

Moreover, the Court does not believe that the affirmative defenses will cause Plaintiff prejudice. The requirement to litigate affirmative defenses in this case does not constitute prejudice that merits striking the defenses under Fed. R. Civ. P. 12(f).  To the extent Plaintiff asserts that the affirmative defense is ambiguous in that it encompass both legally sufficient and insufficient defenses, affirmative defenses are regularly summarily asserted under the rules without factual allegations or clarifying factual details.

**IT IS SO ORDERED**.

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**