IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **BRANNON WHITE, individually and on behalf of all others similarly situated,**<br><br>     Plaintiff,<br><br>v.<br><br>**EOG RESOURCES, INC.,**<br><br>     Defendant. | **CASE NO: 1:22-CV-00025-LF-SCY**<br><br>**JURY TRIAL DEMANDED** |

**JOINT STIPULATION**
**REGARDING CONDITIONAL CERTIFICATION**

Plaintiff Brannon White ("White"), individually and on behalf of all others similarly situated, and Defendant EOG Resources, Inc. ("EOG") request the Court's approval of this Joint Stipulation Regarding Conditional Certification.

1.   In the interest of judicial economy and by agreement of the parties, White and EOG stipulate to conditionally certify this case as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b). Specifically, the Parties agree to conditionally certify a collective consisting of:

> **All Drilling Consultants who provided services to EOG in the Permian Basin division, including Texas and/or New Mexico, in the last three years (collectively, the "Putative Collective Members").**

2.   Nothing in this Stipulation shall be interpreted as limiting, waiving, or modifying any of the Parties' claims and/or defenses. This Stipulation is not an admission, concession, or acknowledgment as to any underlying substantive issue in this controversy. Defendant further denies that White and the Putative Collective Members are "similarly situated" under 29 U.S.C. § 216(b) and

that this case is appropriate for collective action treatment. Defendant is not waiving, and instead expressly preserves, its right to later move for decertification of the class.

3. The Parties further stipulate that the Notice and Consent Forms and the Email and Text Message Scripts that are attached as **Exhibit 1** shall be used for purposes of informing the Putative Collective Members of this lawsuit and their right to participate.

4. The Parties further stipulate that the Putative Collective Members shall have sixty (60) days from the date of initial mailing and emailing of the Notice to file their Consent opting into this lawsuit as plaintiffs. Putative Collective Members who file their Consents after the deadline may join this case only by consent of all Parties or by Court order upon good cause shown.

5. The Parties further stipulate to conform to the following Notice Timeline:

| DEADLINE | SUBJECT |
| --- | --- |
| **14 Days from Order Approving Notice to Potential Collective Members** | Defendant will disclose the names, last known addresses, personal email addresses, telephone numbers, and dates of work of the Putative Collective Members to be notified in a usable electronic format. |
| **21 Days from Order Approving Notice to Potential Collective Members** | Plaintiff's Counsel shall send the Court-approved Notice and Consent Form to the Putative Collective Members via First Class mail, email, and text message. The mailed, emailed, and texted Notice and Consent Form shall be sent on the same day, and Plaintiff's Counsel shall advise Defendant's counsel of the date of sending promptly after mailing occurs. |
| **60 Days from Date Notice is Mailed to Potential Collective Members** | The Putative Collective Members shall have 60 days to return their signed Consent forms to Plaintiff's counsel for filing with the Court. Plaintiff's counsel shall date stamp any returned consents on the day they are received in counsel's office ("received date") and retain any envelope or other evidence showing the date the consent form was postmarked, faxed, and submitted electronically. |

|  | Within three business days after the close of the Opt-In Period, Plaintiff's counsel will file the consent forms with the Court, noting the received date for each individual on the Notice of Filing. For statute of limitations purposes, the date a consent form was received by Plaintiff's counsel will be the date the consent form is considered to be filed with the Court. |
|---|---|
| **30 Days from Date Notice is Mailed to Potential Collective Members** | Plaintiff's Counsel is authorized to send via First Class U.S. mail, email, and text message a second identical copy of the Notice and Consent forms to any Putative Collective Member who has not yet returned a consent form to Plaintiff's counsel. |


Respectfully submitted,

By: */s/ Taylor Montgomery*
**Michael A. Josephson**
State Bar No. 24014780
**Andrew W. Dunlap**
State Bar No. 24078444
**Taylor Montgomery**
State Bar No. _____
**Josephson Dunlap LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77005
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
tgasper@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
State Bar No. 24001807
**Bruckner Burch PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**Attorneys for Plaintiff**

By: */s/ Carter Crow (with permission)*
**M. Carter Crow**
**Kimberly Cheeseman**
**NORTON ROSE FULBRIGHT US LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
carter.crow@nortonrosefulbright.com
kimberly.cheeseman@nortonrosefulbright.com

**HOLLAND & HART LLP**
**Robert J. Sutphin**
**John Anderson**
**Little V. West**
110 North Guadalupe, Suite 1
Santa Fe, New Mexico 87501
Tel: 505.988.4421
Fax: 505.983.6043
rsutphin@hollandhart.com
jcanderson@hollandhart.com
lvwest@hollandhart.com

***Counsel for Defendant EOG Resources, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document on all parties and/or their counsel of record via this Court's ECF electronic filing system on October 4, 2022, in accordance with the Federal Rules of Civil Procedure.

*/s/ Robert J. Sutphin*
**Rob Sutphin**